UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT A. WAY,

    Defendant.

Case No. 3:17-cr-40005-JPG

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant Scott Way's Motion to Unshackle Defendant During Pretrial Proceedings. (Doc. 47.) For the following reasons, the Court **DENIES** Way's motion.

### I. BACKGROUND

In February 2017, the Grand Jury charged Scott Way with one count of conspiracy to distribute MDMA. Now, Way asks this Court to unshackle him during all further pretrial proceedings. Way argues that the Court's current practice of shackling defendants during these proceedings violates the Fifth Amendment's due process clause in light of the Supreme Court's ruling in *Deck v. Missouri*, 544 U.S. 622 (2005). In *Deck*, the Court held that "courts cannot routinely place defendants in shackles or other physical restraints visible to the jury during the penalty phase of a capital proceeding" because shackles are "inherently prejudicial". *Id.* at 633–35. This command, however, is not absolute: a judge may—in his discretion—evaluate special, case-specific circumstances and order shackling. *Id.* at 633. These circumstances include "special security needs or escape risks". *Id*.

Way asserts that this Court should follow Ninth Circuit precedent and extend *Deck* to all pretrial proceedings. *See United States v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017). In *Sanchez-Gomez*, the Ninth Circuit explained that two of the principles that the *Deck* court relied on—the presumption of innocence and the respectful treatment of defendants—apply to both jury trials and pretrial proceedings. *Id.* at 661–62. The Ninth Circuit held that courts should analyze the shackling issue under a strict-scrutiny test: "[b]efore a presumptively innocent defendant may be shackled, the court must make an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." *Id.* at 661.

Additionally, Way argues that another *Deck* factor—the right of a defendant to participate in his own defense—should factor into the Court's decision. Way argues that if he is shackled, he cannot take notes during pretrial proceedings and must instead vocalize his thoughts to his counsel. Way believes that this will distract his counsel and expose his "voice to those nearby with whom he shares no privilege and whose allegiance might lie more with the government than with the defense". (Doc. 47 at ¶ 14.)

II. ANALYSIS

The Court declines to follow the Ninth Circuit's ruling in *Sanchez-Gomez*. Rather, this Court will comply with the Supreme Court's guidance in *Deck*. First, *Deck* does not govern this case because *Deck* specifically dealt with shackles "visible to the jury during the penalty phase of a capital proceeding", not shackles outside the presence of a jury during pretrial proceedings in a noncapital case—such as this one. 544 U.S. at 633. There are special, prejudicial concerns at play when a defendant appears shackled in front of a jury that are simply not at issue in this matter. Second, even if *Deck* applies to this case, the "security needs or escape risks" exception

would apply. *Id.* Magistrate Judge Reona J. Daly has already found here that Way is a flight risk because: (1) the weight of the evidence against Way is strong; (2) Way is subject to a lengthy period of incarceration if convicted; (3) he has a prior criminal history; (4) he has participated in criminal activity while on probation, parole, or supervision; (5) he has a history of alcohol and substance abuse; (6) he lacks stable employment; (7) he lacks a stable residence; (8) he has attempted to evade law enforcement in the past; and (9) he has previously violated conditions of probation, parole, or supervised release. (Doc. 14.) These factors alone are more than necessary to meet the specialized-inquiry aspect of *Deck*—and combined with the judgment of the United States Marshals Policy Directive on the matter as well as the increasing security incidents that courtrooms face today[1]— the Court cannot grant Way's motion.

## CONCLUSION

Accordingly, the Court **DENIES** Scott Way's Motion to Unshackle Defendant During Pretrial Proceedings. (Doc. 47.)

**IT IS SO ORDERED.**
**DATED:  October 17, 2017**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] *See*, *e.g.*, "Courtroom: All prisoners produced for court, with the exception of a jury trial, are to be fully restrained unless otherwise directed by a United States District Judge or United States Magistrate Judge." United States Marshals Service Policy Directive § 9.18(E)(3)(b) (2011); Timm Fautsko, Steve Berson, & Steve Swensen, *Courthouse Security Incidents Trending Upward: the Challenges Facing State Courts Today*, NATIONAL CENTER FOR STATE COURTS, http://www.ncsc.org/sitecore/content/microsites/future-trends-2012/home/Better-Courts/1-1-Courthouse-Security-Incidents.aspx. (last visited October 16, 2017); Marshall White, *Man bolts from courtroom during sentencing*, NEWS-PRESS NOW (June 12, 2017), http://www.newspressnow.com/news/local_news/man-bolts-from-courtroom-during-sentencing/article_42adc95a-262a-50ba-8994-59c264b271eb.html; Marty Roney, *Things get exciting when Autauga defendant makes run for it*, MONTGOMERY ADVERTISER (July 7, 2016, 2:49 PM), http://www.montgomeryadvertiser.com/story/news/crime/progress/2016/07/07/defendant-bolts-autauga-courtroom/86797976/.